1 | CDF LABOR LAW LLP
    Dan M. Forman, State Bar No. 155811
2 |   dforman@cdflaborlaw.com
    Allison Chua, State Bar No. 284680
3 |   achua@cdflaborlaw.com
  | 707 Wilshire Boulevard, Suite 5150
4 | Los Angeles, CA 90017
  | Telephone:  (213) 612-6300
5 |
  | Attorneys for Plaintiff
6 | UNIFIED GROCERS, INC.

7

8 |                **UNITED STATES DISTRICT COURT**

9 |                **CENTRAL DISTRICT OF CALIFORNIA**

10

11 | UNIFIED GROCERS, INC., a California    ) Case No. 5:19-cv-02365-MWF-SHK
   | corporation,                          )
12 |                                        ) **STIPULATED PROTECTIVE**
   |                Plaintiff,              ) **ORDER**
13 |        v.                              )
   |                                        )
14 | VM INTERNATIONAL, INC., a             )
   | California corporation; and Does 1    )
15 | through 5,                            )
   |                                        )
16 |                Defendants.             )
   | _____ )

17

18

19

20

21

22

23

24

25

26

27

28

                                        _____
                                        STIPULATED PROTECTIVE ORDER

1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. **DEFINITIONS**

2.1   <u>ATTORNEYS' EYES ONLY Information</u>:  information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for heightened protection under Federal Rule of Civil Procedure 26(c), including but not limited to customer contact information; terms of business with suppliers and customers, supplier contact information, pricing terms, sales volumes; business plans; communications with customers; financing terms; and joint venture agreements.

2.2   <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.3   <u>"CONFIDENTIAL" Information or Items</u>:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

STIPULATED PROTECTIVE ORDER

1699864.1

2.4    Counsel (without qualifier):  Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.5    Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY".

2.6    Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.8    In-House Counsel:  attorneys who are employees of a party to this action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10   Outside Counsel of Record:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.11   Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12   Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13   Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or

3

STIPULATED PROTECTIVE ORDER

1  demonstrations, and organizing, storing, or retrieving data in any form or medium)

2  and their employees and subcontractors.

3      2.14   <u>Protected Material</u>:  any Disclosure or Discovery Material that is

4  designated as "ATTORNEYS' EYES ONLY" and/or "CONFIDENTIAL."

5      2.15   <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material

6  from a Producing Party.

7  3.   <u>SCOPE</u>

8      This Order will be entered pursuant to FRCP 26(c) and FRE 502.  The

9  protections conferred by this Stipulation and Order cover not only Protected Material

10 (as defined above), but also (1) any information copied or extracted from Protected

11 Material; (2) all copies, excerpts, summaries, or compilations of Protected Material;

12 and (3) any testimony, conversations, or presentations by Parties or their Counsel

13 that might reveal Protected Material. However, the protections conferred by this

14 Stipulation and Order do not cover the following information: (a) any information

15 that is in the public domain at the time of disclosure to a Receiving Party or becomes

16 part of the public domain after its disclosure to a Receiving Party as a result of

17 publication not involving a violation of this Order, including becoming part of the

18 public record through trial or otherwise; and (b) any information known to the

19 Receiving Party prior to the disclosure or obtained by the Receiving Party after the

20 disclosure from a source who obtained the information lawfully and under no

21 obligation of confidentiality to the Designating Party. Any use of Protected Material

22 at trial shall be governed by a separate agreement or order.

23 4.   <u>DURATION</u>

24     Even after final disposition of this litigation, the confidentiality obligations

25 imposed by this Order shall remain in effect until a Designating Party agrees

26 otherwise in writing or a court order otherwise directs. Final disposition shall be

27 deemed to be the later of (1) dismissal of all claims and defenses in this action, with

28 or without prejudice; and (2) final judgment herein after the completion and

STIPULATED PROTECTIVE ORDER

1 exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

2 including the time limits for filing any motions or applications for extension of time

3 pursuant to applicable law.

4 5.    DESIGNATING PROTECTED MATERIAL

5        5.1    Exercise of Restraint and Care in Designating Material for Protection.

6 Each Party or Non-Party that designates information or items for protection under

7 this Order must take care to limit any such designation to specific material that

8 qualifies under the appropriate standards. The Designating Party must designate for

9 protection only those parts of material, documents, items, or oral or written

10 communications that qualify – so that other portions of the material, documents,

11 items, or communications for which protection is not warranted are not swept

12 unjustifiably within the ambit of this Order.

13        Mass, indiscriminate, or routinized designations are prohibited. Designations

14 that are shown to be clearly unjustified or that have been made for an improper

15 purpose (e.g., to unnecessarily encumber or retard the case development process or to

16 impose unnecessary expenses and burdens on other parties) expose the Designating

17 Party to sanctions.

18        If it comes to a Designating Party's attention that information or items that it

19 designated for protection do not qualify for protection, that Designating Party must

20 promptly notify all other Parties that it is withdrawing the mistaken designation.

21        5.2    Manner and Timing of Designations.  Except as otherwise provided in

22 this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise

23 stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

24 under this Order must be clearly so designated before the material is disclosed or

25 produced.

26        Designation in conformity with this Order requires:

27        (a)  for information in documentary form (e.g., paper or electronic

28 documents, but excluding transcripts of depositions or other pretrial or trial

STIPULATED PROTECTIVE ORDER

proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or ATTORNEYS' EYES ONLY to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) when feasible to do so.  A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)  for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

(c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the

6

1  Designating Party's right to secure protection under this Order for such material.

2  Upon timely correction of a designation, the Receiving Party must make reasonable

3  efforts to assure that the material is treated in accordance with the provisions of this

4  Order.

5  6.   CHALLENGING CONFIDENTIALITY AND ATTORNEYS' EYES ONLY

6       DESIGNATIONS

7       6.1   Timing of Challenges.  Any Party or Non-Party may challenge a

8  "CONFIDENTIAL" OR "ATTORNEYS' EYES ONLY" designation at any time.

9  Unless a prompt challenge to a Designating Party's designation is necessary to avoid

10  foreseeable, substantial unfairness, unnecessary economic burdens, or a significant

11  disruption or delay of the litigation, a Party does not waive its right to challenge a

12  "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designation by electing not

13  to mount a challenge promptly after the original designation is disclosed.

14       6.2   Meet and Confer.  The Challenging Party shall initiate the dispute

15  resolution process by providing written notice of each designation it is challenging

16  and describing the basis for each challenge. To avoid ambiguity as to whether a

17  challenge has been made, the written notice must recite that the designation

18  challenge is being made in accordance with this specific paragraph of the Protective

19  Order. The parties shall attempt to resolve each challenge in good faith and must

20  begin the process by conferring directly (in voice to voice dialogue; other forms of

21  communication are not sufficient) within 14 days of the date of service of the

22  Challenging Party's notice. In conferring, the Challenging Party must explain the

23  basis for its belief that the "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY"

24  designation was not proper and must give the Designating Party an opportunity to

25  review the designated material, to reconsider the circumstances, and, if no change in

26  designation is offered, to explain the basis for the chosen designation. A Challenging

27  Party may proceed to the next stage of the challenge process only if it has engaged in

28  this meet and confer process first or establishes that the Designating Party is

1  unwilling to participate in the meet and confer process in a timely manner.

2        6.3    <u>Judicial Intervention</u>.  If the Parties cannot resolve a designation

3  challenge without court intervention, the Challenging Party may file and serve a

4  motion with the Court seeking to redesignate documents, testimony or information

5  that were the subject of the meet and confer process ("Redesignation Motion").

6  Pending a resolution of the Redesignation Motion by the Court, all existing

7  designations on the documents, testimony or information at issue in the

8  Redesignation Motion shall remain in place.  The Designating Party shall have the

9  burden on any Redesignation Motion of establishing the applicability of the

10  "Confidential" or "Attorneys' Eyes Only" designation.  Each Redesignation Motion

11  must be accompanied by a competent declaration affirming that the Challenging

12  Party has complied with the meet and confer requirements imposed in the preceding

13  paragraph. Failure by the Challenging Party to make such a motion including the

14  required declaration within 21 days of the end of the meet and confer period shall

15  automatically waive its challenge to the designation.

16  Frivolous challenges, and those made for an improper purpose (e.g., to harass or

17  impose unnecessary expenses and burdens on other parties) may expose the

18  Challenging Party to sanctions.

19  7.     ACCESS TO AND USE OF PROTECTED MATERIAL

20        7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is

21  disclosed or produced by another Party or by a Non-Party in connection with this

22  case only for prosecuting, defending, or attempting to settle this litigation. Such

23  Protected Material may be disclosed only to the categories of persons and under the

24  conditions described in this Order. When the litigation has been terminated, a

25  Receiving Party must comply with the provisions of section 13 below (FINAL

26  DISPOSITION).

27       Protected Material must be stored and maintained by a Receiving Party at a

28  location and in a secure manner that ensures that access is limited to the persons

STIPULATED PROTECTIVE ORDER

1   authorized under this Order.

2      7.2   Disclosure of "CONFIDENTIAL" Information or Items. Unless

3   otherwise ordered by the court or permitted in writing by the Designating Party, a

4   Receiving Party may disclose any information or item designated

5   "CONFIDENTIAL" only to:

6          (a)  the Receiving Party's Outside Counsel of Record in this action, as

7   well as employees of said Outside Counsel of Record to whom it is reasonably

8   necessary to disclose the information for this litigation and who have signed the

9   "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

10         (b)  the officers, directors, and employees (including House Counsel) of

11  the Receiving Party to whom disclosure is reasonably necessary for this litigation

12  and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

13  A);

14         (c)  Experts (as defined in this Order) of the Receiving Party to whom

15  disclosure is reasonably necessary for this litigation and who have signed the

16  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

17         (d)  the court and its personnel;

18         (e)  court reporters and their staff, professional jury or trial consultants,

19  mock jurors, and Professional Vendors to whom disclosure is reasonably necessary

20  for this litigation and who have signed the "Acknowledgment and Agreement to Be

21  Bound" (Exhibit A);

22         (f)  during their depositions, witnesses in the action to whom disclosure

23  is reasonably necessary and who have signed the "Acknowledgment and Agreement

24  to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or

25  ordered by the court. Pages of transcribed deposition testimony or exhibits to

26  depositions that reveal CONFIDENTIAL Material must be separately bound by the

27  court reporter and identified as CONFIDENTIAL and may not be disclosed to

28  anyone except as permitted under this Stipulated Protective Order.

9

STIPULATED PROTECTIVE ORDER

1   (g)  the author or recipient of a document containing the information or

2   a custodian or other person who otherwise possessed or knew the information.

3      7.3   <u>Disclosure of "ATTORNEYS' EYES ONLY" Information or Items</u>.

4   Unless otherwise ordered by the court or permitted in writing by the Designating

5   Party, a Receiving Party may disclose any information or item designated

6   "ATTORNEYS' EYES ONLY" only to:

7      (a)   the Receiving Party's Outside Counsel of Record in this action, as

8   well as employees of said Outside Counsel of Record to whom it is reasonably

9   necessary to disclose the information for this litigation;

10      (b)   the Receiving Party's In-House Counsel and staff;

11      (c)   Experts (as defined in this Order) of the Receiving Party to whom

12   disclosure is reasonably necessary for this litigation and who have signed the

13   "Acknowledgment and Agreement to Be Bound" (Exhibit A);

14      (d)   the court, and its personnel;

15      (e)   court reporters and their staff, professional jury or trial

16   consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably

17   necessary for this litigation and who have signed the "Acknowledgment and

18   Agreement to Be Bound" (Exhibit A); and

19      (f)   during their depositions, witnesses in the action who have signed

20   the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise

21   agreed by the Designating Party or ordered by the court and (i) who authored or

22   received a document containing the "ATTORNEYS' EYES ONLY" information or

23   (ii) a custodian or other person who otherwise possessed or knew the

24   "ATTORNEYS' EYES ONLY" information.   Pages of transcribed deposition

25   testimony or exhibits to depositions that reveal ATTORNEYS' EYES ONLY

26   Material must be separately bound by the court reporter and identified as

27   ATTORNEYS' EYES ONLY and may not be disclosed to anyone except as

28   permitted under this Stipulated Protective Order.

STIPULATED PROTECTIVE ORDER

8.   <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED</u> PRODUCED IN
      <u>OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," that Party must:

(a)   promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.   <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE</u>
      <u>PRODUCED IN THIS LITIGATION</u>

(a)   The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking

STIPULATED PROTECTIVE ORDER

1    additional protections.

2             (b)      In the event that a Party is required, by a valid discovery request,

3 to produce a Non-Party's confidential information in its possession, and the Party is

4 subject to an agreement with the Non-Party not to produce the Non-Party's

5 confidential information, then the Party shall:

6             (1)      promptly notify in writing the Requesting Party and the

7 Non-Party that some or all of the information requested is subject to a confidentiality

8 agreement with a Non-Party;

9             (2)      promptly provide the Non-Party with a copy of the

10 Stipulated Protective Order in this litigation, the relevant discovery request(s), and a

11 reasonably specific description of the information requested; and

12             (3)      make the information requested available for inspection by

13 the Non-Party.

14             (c)      If the Non-Party fails to object or seek a protective order from

15 this court within 14 days of receiving the notice and accompanying information, the

16 Receiving Party may produce the Non-Party's confidential information responsive to

17 the discovery request. If the Non-Party timely seeks a protective order, the Receiving

18 Party shall not produce any information in its possession or control that is subject to

19 the confidentiality agreement with the Non-Party before a determination by the court.

20 Absent a court order to the contrary, the Non-Party shall bear the burden and expense

21 of seeking protection in this court of its Protected Material.

22 10.      <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

23       If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

24 Protected Material to any person or in any circumstance not authorized under this

25 Stipulated Protective Order, the Receiving Party must immediately (a) notify in

26 writing the Designating Party of the unauthorized disclosures, (b) use its best efforts

27 to retrieve all unauthorized copies of the Protected Material, (c) inform the person or

28 persons to whom unauthorized disclosures were made of all the terms of this Order,

STIPULATED PROTECTIVE ORDER

1 | and (d) request such person or persons to execute the "Acknowledgment and
2 | Agreement to Be Bound" that is attached hereto as Exhibit A.

3 | 11.     <u>CLAWBACK AGREEMENT</u>

4 |         Pursuant to FRE 502(d) and (e), the Parties agree to and the Court orders
5 | protection of privileged and otherwise protected documents and electronically stored
6 | information (collectively referred to hereafter as "Documents") against claims of
7 | waiver (including as against third parties and in other federal and state proceedings)
8 | as follows:

9 |         (a)     The disclosure or production of Documents by a Producing Party
10 | subject to a legally recognized claim of privilege, including without limitation, the
11 | attorney-client privilege and the work-product doctrine, to a Receiving Party, shall in
12 | no way constitute the voluntary disclosure of such Document.

13 |         (b)     The inadvertent disclosure or production of any Document in this
14 | action shall not result in the waiver of any privilege, evidentiary protection or other
15 | protection associated with such Document as to the Receiving Party or any third
16 | parties, and shall not result in any waiver, including subject matter waiver, of any
17 | kind.

18 |         (c)     If, during the course of this litigation, a Party determines that any
19 | Document produced by another Party is or may reasonably be subject to a legally
20 | recognizable privilege or evidentiary protection ("Protected Document"):

21 |                 (1)     The Receiving Party shall: (A) refrain from reading the
22 | Protected Document any more closely than is necessary to ascertain that it is
23 | privileged or otherwise protected from disclosure; (B) immediately notify the
24 | Producing Party in writing that it has discovered Documents believed to be
25 | privileged or protected; (C) specifically identify the Protected Documents by Bates
26 | number range or hash value, and, (D) within ten (10) days of discovery by the
27 | Receiving Party, return, sequester, or destroy all copies of such Protected
28 | Documents, along with any notes, abstracts or compilations of the content thereof.

13

STIPULATED PROTECTIVE ORDER

To the extent that a Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database. Where such Protected Documents cannot be destroyed or separated, they shall not be reviewed, disclosed, or otherwise used by the Receiving Party. Notwithstanding, the Receiving Party is under no obligation to search or review the Producing Party's Documents to identify potentially privileged or work product Protected Documents.

(2)     If the Producing Party intends to assert a claim of privilege or other protection of Documents identified by the Receiving Party as Protected Documents, the Producing Party will, within ten (10) days of receiving the Receiving Party's written notification described above, inform the Receiving Party of such intention in writing and shall provide the Receiving Party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis of the claim of privilege or other protection. In the event that any portion of a Protected Document does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the document that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

(d)     If, during the course of this litigation, a Party determines it has produced a Protected Documents:

(1)     the Producing Party may notify the Receiving Party of such inadvertent production in writing, and demand the return of such documents. Such notice shall be in writing, however, it may be delivered orally on the record at a deposition, promptly followed up in writing. The Producing Party's written notice will identify the Protected Document inadvertently produced by bates number range or hash value, the privilege or protection claimed, and the basis for the assertion of the privilege and shall provide the Receiving Party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil

STIPULATED PROTECTIVE ORDER

1699864.1

Procedure, setting forth the basis for the claim of privilege or other protection.  In the event that any portion of the Protected Document does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the Document that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

(2)     The Receiving Party must, within ten (10) days of receiving the Producing Party's written notification described above, return, sequester, or destroy the Protected Document and any copies, along with any notes, abstracts or compilations of the content thereof.  To the extent that a Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database.  Where such Protected Documents cannot be destroyed or separated, they shall not be reviewed, disclosed, or otherwise used by the Receiving Party.

(e)     To the extent that the information contained in a Protected Document has already been used in or described in other documents generated or maintained by the Receiving Party prior to the date of receipt of written notice by the Producing Party as set forth in paragraphs (c)(ii) and d(i), then the Receiving Party shall sequester such documents until the claim has been resolved.  If the Receiving Party disclosed the Protected Document before being notified of its inadvertent production, it must take reasonable steps to retrieve it.

(f)     The Receiving Party's return , sequestering or destruction of Protected Documents as provided herein will not act as a waiver of the Requesting Party's right to move for the production of the returned, sequestered or destroyed documents on the grounds that the documents are not, in fact, subject to a viable claim of privilege or protection.  However, the Receiving Party is prohibited and estopped from arguing that:

(1)     The disclosure or production of the Protected Documents

15

1   acts as a waiver of an applicable privilege or evidentiary protection

2       (2)    The disclosure of the Protected Documents was not

3   inadvertent;

4       (3)    The Producing Party did not take reasonable steps to

5   prevent the disclosure of the Protected Documents; or

6       (4)    The Producing Party failed to take reasonable or timely

7   steps to rectify the error pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), or

8   otherwise.

9       (g)    Any Party may submit Protected Documents to the Court under

10   seal for a determination of the claim of privilege or other protection.  The Producing

11   Party shall preserve the Protected Documents until such claim is resolved.  The

12   Receiving Party shall  not use the Protected Documents for any purpose absent this

13   Court's Order.

14       (h)    Upon a determination by the Court that the Protected Documents

15   are protected by the applicable privilege or evidentiary protection, and if the

16   Protected Documents have been sequestered rather than returned or destroyed by the

17   Receiving Party, the Protected Documents shall be returned or destroyed within 10

18   (ten) days of the Court's order.  The Court may also order the identification by the

19   Receiving Party of Protected Documents by search terms or other means.

20       (i)    Nothing contained herein is intended to, or shall serve to limit, a

21   Party's right to conduct a review of documents, data (including electronically stored

22   information) and other information, including without limitation, metadata for

23   relevance, responsiveness and/or the segregation of privileged and/or protected

24   information before such information is produced to another Party;

25       (j)    By operation of the Parties' agreement and Court Order, the

26   Parties are specifically afforded the protections of FRE 502(d) and (e).

27   12.    <u>MISCELLANEOUS</u>

28       12.1    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any

STIPULATED PROTECTIVE ORDER

1 person to seek its modification by the court in the future.

2       12.2  <u>Right to Assert Other Objections</u>. By stipulating to the entry of this

3 Protective Order no Party waives any right it otherwise would have to object to

4 disclosing or producing any information or item on any ground not addressed in this

5 Stipulated Protective Order. Similarly, no Party waives any right to object on any

6 ground to use in evidence of any of the material covered by this Protective Order.

7       12.3  <u>Filing Protected Material</u>. Without written permission from the

8 Designating Party or a court order secured after appropriate notice to all interested

9 persons, a Party may not file in the public record in this action any Protected

10 Material. A Party that seeks to file under seal any Protected Material must comply

11 with Civil Local Rule 79-5.

12       12.4  <u>Information Security Protections</u>.  The Receiving Party in possession of

13 another Party's Protected Material will store and maintain such Protected Material at

14 a location and in a secure manner that ensures that access is limited to the persons

15 authorized under this Order.

16       If the Receiving Party discovers a breach of security, including any actual or

17 suspected unauthorized access, relating to another Party's Protected Material, the

18 Receiving Party shall: (1) promptly provide written notice to Designating Party of

19 such breach; (2) investigate and take reasonable efforts to remediate the effects of the

20 breach, and provide Designating Party with assurances reasonably satisfactory to

21 Designating Party that such breach shall not recur; and (3) provide sufficient

22 information about the breach that the Designating Party can reasonably ascertain the

23 size and scope of the breach.  If required by any judicial or governmental request,

24 requirement or order to disclose such information, the Receiving Party shall take all

25 reasonable steps to give the Designating Party sufficient prior notice in order to

26 contest such request, requirement or order through legal means.  The Receiving Party

27 agrees to cooperate with the Designating Party or law enforcement in investigating

28 any such security incident.  In any event, the Receiving Party shall promptly take all

STIPULATED PROTECTIVE ORDER

1  necessary and appropriate corrective actions to terminate the unauthorized access.

2  13.    <u>FINAL DISPOSITION</u>

3       Within 60 days after the final disposition of this action, as defined in

4  paragraph 4, each Receiving Party must return all Protected Material to the

5  Producing Party or destroy such material. As used in this subdivision, "all Protected

6  Material" includes all copies, abstracts, compilations, summaries, and any other

7  format reproducing or capturing any of the Protected Material. Whether the Protected

8  Material is returned or destroyed, the Receiving Party must submit a written

9  certification to the Producing Party (and, if not the same person or entity, to the

10  Designating Party) by the 60 day deadline that (1) identifies (by category, where

11  appropriate) all the Protected Material that was returned or destroyed and (2) affirms

12  that the Receiving Party has not retained any copies, abstracts, compilations,

13  summaries or any other format reproducing or capturing any of the Protected

14  Material.  Notwithstanding the above:

15       (a)    Counsel are entitled to retain an archival copy of all pleadings,

16  motion papers, trial, deposition, and hearing transcripts, legal memoranda,

17  correspondence, deposition and trial exhibits, expert reports, attorney work product,

18  and consultant and expert work product, even if such materials contain Protected

19  Material. Any such archival copies that contain or constitute Protected Material

20  remain subject to this Protective Order as set forth in Section 4 (DURATION).

21       (b)    If any information or items designated as "CONFIDENTIAL"

22  and/or "ATTORNEYS' EYES ONLY" and produced by another Party or Non-Party

23  has been loaded into any litigation review database, counsel for the Party using such

24  database shall have the responsibility of ensuring that all such information (including

25  all associated images and native files) is extracted from such databases and

26  destroyed.  "Destroyed" shall mean deletion of documents from all databases,

27  applications and/or file systems in a manner such that they are not readily accessible

28  without the use of specialized tools or techniques typically used by a forensic expert.

18                    STIPULATED PROTECTIVE ORDER

1        (c)     The Parties, counsel of record for the Parties, and experts or

2  consultants for a Party shall not be required to return or destroy any information or

3  items designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to the

4  extent such information is (i) stored on media that is generally considered not

5  reasonably accessible, such as disaster recovery backup tapes, or (ii) only retrievable

6  through the use of specialized tools or techniques typically used by a forensic expert,

7  provided that to the extent any such information is not returned or destroyed due to

8  the foregoing reasons, such information or items designated in this action as

9  "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall remain subject to the

10  confidentiality obligations of this Order.

11       **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD**.

12  <u>Signature Attestation</u>:

13      This document is being filed by Allison O. Chua on behalf of both parties.  By

14  signing below, Allison O. Chua attests that all other signatories listed, and on whose

15  behalf this filing is submitted, concur in the filing's content and have authorized the

16  filing.

17

18

19  Dated:  October 23, 2020    LAW OFFICES OF SOTOODEH & ASSOCIATES

20

21              By: _____*/s/ Yass McNeil*_____

22                         Yass McNeil
                      Attorneys for Defendant

23                      M.S.R.S., INC. dba VM INTERNATIONAL

24

25

26

27

28

19

1699864.1

1   Dated:  October 23, 2020        SANDLER, LASRY, LAUBE, BYER & VALDEZ,
                                    LLP
2

3                                   By: _____ /s/  Jeffrey M. Byer _____
4                                              Jeffrey M. Byer
                                    Attorneys for Defendant
5                                   M.S.R.S., INC. dba VM INTERNATIONAL

6
    Dated:  October 23, 2020        CDF LABOR LAW LLP
7                                        Dan M. Forman

8

9                                   By: _____ /s/ Allison O. Chua _____
                                               Allison O. Chua
10                                  Attorneys for Plaintiff
                                    UNIFIED GROCERS, INC.
11

12

13  **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

14

15  DATED:  ____October 26, 2020____        _____

16                                              United States Magistrate Judge

17

18

19

20

21

22

23

24

25

26

27

28

                                        20
                                                STIPULATED PROTECTIVE ORDER

1  <u>EXHIBIT A</u>

2  <u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

3      I, _____ [print or type full name], of

4  _____ [print or type full address], declare under penalty of perjury

5  that I have read in its entirety and understand the Stipulated Protective Order that

6  was issued by the United States District Court for the Central District of California

7  on _____, 2020 in the case of *Unified Grocers,*

8  *Inc. v. VM International, et al.*  I agree to comply with and to be bound by all the

9  terms of this Stipulated Protective Order and I understand and acknowledge that

10  failure to so comply could expose me to sanctions and punishment in the nature of

11  contempt.  I solemnly promise that I will not disclose in any manner any information

12  or item that is subject to this Stipulated Protective Order to any person or entity

13  except in strict compliance with the provisions of this Order.

14      I further agree to submit to the jurisdiction of the United States District Court

15  for the Central District of California for the purpose of enforcing the terms of this

16  Stipulated Protective Order, even if such enforcement proceedings occur after

17  termination of this action.

18      I hereby appoint _____ [print or type full name] of

19  _____ [print or type full address and

20  telephone number] as my California agent for service of process in connection with

21  this action or any proceedings related to enforcement of this Stipulated Protective

22  Order.

23

24  Date: _____

25  City and State where sworn and signed: _____

26  Printed name: _____

27  Signature: _____

28

STIPULATED PROTECTIVE ORDER

1699864.1